AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF INDIANA

-FILED-

JUL 3 0 2012

At _____
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA
v.
WENDELL MOORE

**CRIMINAL COMPLAINT**

CASE NO.  2:12 MJ 187

I, ATF Task Force Agent Brian Paine, undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about July 28, 2012, in Lake County, in the Northern District of Indiana, Wendell Moore did knowingly possess a firearm after having previously been convicted of a felony offense, in violation of 18 U.S.C. Section 922(g)(1).

I further state that I am a Task Force Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof.    ( X ) Yes    ( ) No

_____
Signature of Complainant
ATF Task Force Agent Brian Paine

Sworn to before me, and subscribed in my presence

July 30, 2012              in          Hammond, Indiana
Date                                   Location

PAUL R. CHERRY                         S/Paul R. Cherry
UNITED STATES MAGISTRATE JUDGE         _____
Name and Title of Judicial Officer     Signature of Judicial Officer
AUSA Dean R. Lanter

# AFFIDAVIT

Affiant, Brian Paine, having first been sworn upon his oath, states as follows:

1. I am an East Chicago, Indiana Police Detective assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives Task Force as a Task Force Agent. I have been employed with the East Chicago Police Department for the last nine years. I have attended the Northwest Indiana Law Enforcement Academy where I received training in investigating violations of the Indiana Criminal Code, including but not limited to violations of firearms laws. During my time at the East Chicago Police Department and my assignment to the ATF Task Force, I have received training regarding investigations of prohibited persons such as convicted felons found in possession of firearms.

2. Your affiant states that the facts which establish probable cause necessary for the issuance of the criminal complaint are either personally known to me or have been told to me directly by law enforcement officers and others with whom I have worked on this case. This affidavit is being submitted for the limited purpose of establishing probable cause necessary for the issuance of the criminal complaint, and I have not included each and every fact known to me concerning this investigation.

3. On July 28, 2012, East Chicago Police were dispatched to the vicinity of 3583 Guthrie, East Chicago, Indiana, in reference to an individual running while carrying a shotgun. Upon police arrival in the area, police observed an individual matching the description dispatched throw an object dark in color and similar in shape to a shotgun. Thereafter, the individual, later identified as Wendell Moore, was apprehended and determined to have an outstanding arrest warrant. Police recovered a shotgun from the

1

location in which police observed Moore throw the aforementioned object. On July 29, 2012, following waiver of Miranda rights, Moore provided a statement in which he indicated that he knowingly possessed the shotgun.

4. Police determined that the shotgun had previously been reported stolen.

5. ATF Special Agent Daniel Mitten, who is trained in the origin of the manufacture of firearms, indicated that the aforementioned shotgun was not made in the State of Indiana and therefore had previously traveled in and affected interstate commerce in order to be found in the State of Indiana.

6. Your affiant conducted a criminal history query of Wendell Moore, which showed that he was previously convicted of the following felony offenses: 1) robbery (serious bodily injury) in 1988 in Cause Number 4CR-219-1287-871 for which he was sentenced to 34 years imprisonment and was released from the Indiana Department of Corrections in 2005; and 2) resisting law enforcement in 1988 in Cause Number 4CR-219-1287-871, for which he was sentenced to 4 years imprisonment.

7. Based on the above statement of facts, I believe there is probable to arrest Wendell Moore for Possession of a Firearm by a Felon on or about July 28, 2012, in violation of Title 18, United States Code, Section 922 (g)(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
BRIAN PAINE, TASK FORCE AGENT
BUREAU OF ALCOHOL TOBACCO FIREARMS
AND EXPLOSIVES

Subscribed and sworn to
before me this 30th day
of July, 2012.

S/Paul R. Cherry
_____
HONORABLE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA